

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-9-2002

# Riseman v. Advanta Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3707

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Riseman v. Advanta Corp" (2002). *2002 Decisions.* Paper 379.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/379

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 01-3707 / 01-3844
_____

MILTON RISEMAN,
Cross-Appellant

v.

ADVANTA CORP., ADVANTA MORTGAGE CORPORATION, U.S.A.,
WILLIAM ROSOFF, ESQUIRE, DENNIS ALTER and OLAF OLAFSSON

*ADVANTA CORP. and ADVANTA
MORTGAGE CORPORATION, U.S.A.,
Appellants

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 98-CV 6671)
District Judge: Honorable Anita B. Brody

_____

Argued: Tuesday, June 25, 2002
_____

Before: ALITO, AMBRO and GARTH, Circuit Judges

(Opinion Filed:  July 8, 2002)

Robert M. Goldich (argued)
Melissa E. Lea
Michael S. Fitzsimmons
Wolf, Block, Schorr and Solis-Cohen
LLP
1650 Arch Street, 22nd Floor
Philadelphia, PA 19103-2297

Attorneys for Appellants / Cross-Appellees

John M. Elliott
Mark J. Schwemler (argued)
Adam B. Krafczek, Jr.
Patricia C. Collins
Elliott Reihner Siedzikowski & Egan, P.C.
925 Harvest Drive
Blue Bell, PA 19422

Attorneys for Appellee / Cross-Appellant

_____

OPINION OF THE COURT
_____

Garth, Circuit Judge:

This appeal from a jury verdict was brought by defendants Advanta Corp. and its wholly owned subsidiary, Advanta Mortgage Corp., U.S.A. (together, "Advanta"), with a cross-appeal by plaintiff Milton Riseman ("Riseman"). For the following reasons, we will affirm the District Court's September 7, 2001 judgment, except that we will reduce Riseman's damages under the Pennsylvania Wage Payment and Collection Law, 43 P.S. 260.1 *et seq*. (the "WPCL"), from $2,562,001 to $1,435,000. Consequently, the jury's total damage award will be reduced by $1,127,001, and the District Court's award of liquidated damages under the WPCL, which had been calculated at the higher figure, will be vacated and remanded to the District Court for recalculation based upon the new WPCL damage figure of $1,435,000.

# I.

Riseman had been employed by Advanta Mortgage Corp. as a senior executive for roughly six years, during which time he was compensated by a substantial salary and various bonuses.[1] The facts of this matter are well-known to the parties and explored in detail in the record, and do not warrant re-telling here. Suffice it to say, after Riseman's employment was terminated in the latter part of 1998, Riseman brought suit in the Eastern District of Pennsylvania against Advanta and certain senior executives of Advanta – William Rosoff, Dennis Alter and Olaf Olafsson (the "Individual Defendants") – alleging, *inter alia*, age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (the "ADEA"), retaliation under the ADEA, violations of the WPCL, breach of contract, detrimental reliance, fraud and negligent misrepresentation.

On October 23, 2000, the District Court partially granted a motion for summary judgment brought by the defendants. Pursuant to the court's rulings, a number of claims no longer relevant here were dismissed, but the following claims survived against Advanta for trial: (1) age discrimination; (2) retaliation; (3) violations of the WPCL; (4) breach of contract; (5) detrimental reliance; (6) fraud; and (7) negligent misrepresentation. In addition, the following claims were to be tried against the Individual Defendants: (1)

---

[1] Riseman's starting salary in 1992 was $200,000 per year, which rose to $385,000 in 1998. In addition to salary, Advanta's practice was to award performance bonuses under Advanta's Management Incentive Program ("AMIP"). These AMIP bonuses were calculated by reference to an assigned yearly "target" bonus, from which the recipient could receive a higher or lesser amount. In this action, Riseman sought his 1998 AMIP bonus, a $400,000 bonus offered in 1998 (the "1998 Retention Bonus"), and a $650,000 change of control bonus offered in 1997 (the "1997 Change of Control Bonus") under the WPCL.

detrimental reliance; (2) fraud; and (3) negligent misrepresentation.

The jury trial of Riseman's claims was lengthy and detailed, commencing on November 14, 2000 and continuing through December 4, 2000. Pursuant to the defendants' Rule 50 motion at the close of Riseman's evidence,[2] the District Court entered judgment in favor of the Individual Defendants on all claims, and in favor of Advanta on the fraud and negligent misrepresentation claims. The remaining claims reached the jury for determination.

On December 5, 2000, the jury returned a verdict for Advanta on the age discrimination claim, but in Riseman's favor on retaliation, violations of the WPCL, breach of contract and detrimental reliance, awarding a total of $3,939,126 in damages to Riseman. The jury's award was broken down into two components: back pay under the ADEA retaliation claim for $1,377,125, and damages under the WPCL claim for $2,562,001. The jury further found that Advanta's violation of the ADEA was "wilful" and that there "was no good faith basis" to deny Riseman's earned wages under the WPCL.

In September 2001, the District Court rejected the parties' post-verdict motions and entered a final judgment in favor of Riseman for $6,071,783.25. This larger award reflected statutory enhancements for liquidated damages under the ADEA and the WPCL,

---

[2] Riseman contends that Advanta failed to renew its Rule 50 motion at the close of all evidence, and that, as a result, it has waived its sufficiency of the evidence arguments on appeal. Upon review of the record, however, we hold that Advanta did, in fact, renew its motion at sidebar and that the District Court informed counsel for both Riseman and Advanta that they did not need to argue their respective motions. See Joint App. at 3320. Accordingly, Advanta has not waived its sufficiency of the evidence arguments.

and included prejudgment interest on Riseman's back pay award.

## II.

### A.

Advanta raises a multitude of issues on appeal. In connection with the retaliation claim, it argues that because Advanta contemplated discharging Riseman prior to the alleged protected activity (Riseman's August 17, 1998 letter, which raised allegations of age discrimination), Riseman failed to prove at trial that there was a causal connection between that activity and Riseman's termination. Advanta also contends that even if such a causal connection were shown, the jury's damage verdict is excessive and not supported by the record.

We have carefully examined the entire record; we have heard oral argument; and we have reviewed the contentions and the exhibit presented by Advanta, as well as the contentions of Riseman. We are satisfied that the jury's finding of retaliation and its award for back pay were appropriate.

As an initial matter, the jury was entitled to believe that Advanta did not decide to terminate Riseman until after the August 17, 1998 letter was received, thereby inferring a causal link between the protected activity and the termination. Indeed, on August 18, 1998 – in response to Riseman's letter – Advanta's counsel wrote that "[n]otwithstanding [Riseman's] rejection of the offer, Mr. Riseman *remains employed by the Company*." It was only after Riseman returned to work later that day that Rosoff told Riseman to "go

home." While Advanta advances different interpretations of its August 18th letter, the jury was entitled to believe that Advanta made its decision to terminate Riseman as a result of his August 17th letter.

Moreover, we reject Advanta's contention that the ADEA back pay award of $1,377,125 was excessive. In reaching that amount, the jury could have, on this record, calculated Riseman's back pay in the following manner. First, at a salary of $385,000 per year in 1998, the jury could have awarded roughly $80,000 to Riseman for the remaining two and a half months of 1998 for which he was not paid. Second, because Riseman received a 20% raise in salary from 1997 to 1998, the jury could have contemplated similar increases in 1999 and 2000, bringing his annual salary in those years to $462,000 and $554,400, respectively. Third, given those salaries, the jury could have also awarded maximum AMIP bonuses for 1999 and 2000 – which, for reasons discussed below, were limited to 100% of base salary – to provide an additional $462,000 for the 1999 AMIP bonus and $554,400 for the 2000 AMIP bonus. Consequently, the jury could have concluded that Riseman would have made a total of roughly $2,112,800 at Advanta from October 1998 to December 2000.

In addition, the record shows that Riseman's new position at American Financial Business commenced in June 1999 at a rate of $335,000 until October 20, 2000, at which time he received a raise to $350,000 per year. It was also established that Riseman received his first bonus of $100,000 shortly prior to trial. Accordingly, the jury could have concluded that Riseman's mitigation of damages from October 1998 to December 2000

was roughly $600,000.

Consequently, under this *one* hypothetical calculation, the jury could have awarded Riseman back pay damages of approximately $2,112,800 minus mitigation of damages of $600,000, to arrive at $1,512,800 — well over the $1,377,125 actually awarded by the jury in back pay.  See, e.g., Scully v. U.S. Wats, Inc., 238 F.3d 497, 515 (3d Cir. 2001) ("The law does not command mathematical preciseness from the evidence in finding damages. Instead, all that is required is that sufficient facts . . . be introduced so that a court can arrive at an intelligent estimate without speculation or conjecture.") (internal quotations omitted). As the District Court noted, other hypothetical calculations could have been derived also justifying the jury's $1.3 million back pay award.

As a reviewing court, it is not our function to substitute our judgment for that of the jury.  Accordingly, since we have identified a sound basis for arriving at the jury's ADEA damage award, we will affirm the jury's back pay amount of $1,377,125, as well as the District Court's award of prejudgment interest on this amount.[3]  Moreover, in light of the jury's finding of a "wilful" violation of the ADEA, we will also affirm the District Court's award of liquidated damages awarded under that statute.  See 29 U.S.C. § 626(b).

---

[3]  Significantly, the jury's back pay award is justified without taking into account any recovery for the 1998 AMIP bonus amount sought by Riseman under his WPCL claim, or, for that matter, *any* of the other bonuses sought by Riseman under his WPCL claim. Together with the fact that the District Court instructed the jury numerous times not to award the same damages twice in calculating the ultimate damage award to Riseman, we reject Advanta's contention that there was double-counting between the jury's ADEA award and its WPCL award.  See, e.g., Loughman v. Consol-Pennsylvania Coal Co., 6 F.3d 88, 102 (3d Cir. 1993) ("We must assume that the jury followed the court's instructions and arrived at a verdict based on the instructions.") (internal quotations omitted).

**B.**

With regard to the WPCL claim, Advanta contends that the District Court should have entered judgment as a matter of law in its favor, principally for three reasons. First, Advanta argues that all three bonuses sought by Riseman under the WPCL – the 1998 Retention Bonus, the 1997 Change of Control Bonus and the 1998 AMIP bonus – were satisfaction contracts subject to Advanta's discretion and that Riseman failed to show he satisfied the conditions required by any of the bonuses. Second, Advanta asserts that the 1998 Retention Bonus and the 1998 AMIP bonus could not have been "earned" under the WPCL, and therefore are not recoverable under that statute. Third, Advanta contends that all three bonuses were gratuitous promises and are unenforceable as a matter of law. Alternatively, Advanta argues that even if the jury were entitled to award Riseman the three bonuses, it should be permitted a new trial because the $2,562,001 WPCL award is excessive and not supported in the record.

Upon careful review of the record, we conclude that the jury was entitled to believe that Riseman satisfied all of the conditions necessary to receive each of the three bonuses, and also that *Advanta itself* believed that Riseman satisfied all of the conditions to receive the three bonuses. Indeed, this conclusion is consistent with the jury's specific finding that Advanta "had no good faith basis" to deny Riseman the bonuses he sought under the WPCL.[4]

---

[4] In this way, we also reject Advanta's contention that it is entitled to a new trial because the District Court erred in instructing the jury. Advanta contends that its discretion in determining whether Riseman was sufficiently flexible and cooperative to receive the 1998 Retention Bonus was subject only to a "good faith" standard rather than the more stringent "reasonableness" standard as charged by the District Court. Assuming, without

-8-

Similarly, the evidence and testimony adduced at trial supports the conclusion that the 1998 Retention Bonus and the 1998 AMIP bonus could have been fully earned by Riseman prior to his termination, and that Advanta legally obligated itself to pay such bonuses to Riseman by the time of his termination. See 43 P.S. §§ 260.3.(b) & 260.5(a); Weldon v. Kraft, Inc., 896 F.2d 793, 801 (3d Cir. 1990). The mere fact that certain compensation is not payable until a future date is not necessarily fatal to a WPCL claim so long as the employee is deemed to have "earned" it during his employment. See, e.g., Scully, 238 F.3d at 516 (holding that although the employee was terminated before he was able to exercise his stock options, the employee's stock options constituted "earned" compensation within the meaning of the WPCL, and the employer therefore violated the WPCL when it refused to honor employee's attempts to exercise those options).

Further, we reject Advanta's suggestion that the bonuses were unenforceable promises. With regard to the 1998 Retention Bonus and the 1997 Change of Control Bonus, there was sufficient evidence presented at trial for the jury to have concluded

---

deciding, that the District Court's instruction were erroneous, it is evident that the jury — in light of this record — would have found against Advanta even if Advanta's requested "good faith" instruction were given, particularly since the jury specifically concluded that Advanta lacked any "good faith" basis to withhold Riseman's bonus. In this way, such an erroneous instruction would have been harmless. See Pivirotto v. Innovative Systems, Inc., 191 F.3d 344, 357 (3d Cir. 1999) ("Although we hold that the jury instruction challenged in this case was erroneous, we can affirm the judgment in ISI's favor if that error was harmless."); Murray v. United of Omaha Life Ins. Co., 145 F.3d 143, 156 (3d Cir. 1998) (noting that an error is harmless if "it is highly probable that the error did not contribute to the judgment") (internal quotations omitted).

(which it did) that the traditional indices of a binding contract – offer, acceptance and consideration – were present.  In any event, the jury was entitled to conclude (which it did) that Riseman detrimentally relied upon these bonuses.  With regard to the 1998 AMIP bonus, once the jury concluded that Riseman sufficiently earned that bonus prior to his termination — which, as discussed above, the jury was entitled to do — Advanta was required to pay that bonus under the WPCL.

Notwithstanding the above, we agree with Advanta's contention that the jury's $2,562,001 WPCL award was excessive.  Riseman's own testimony at trial, coupled with his expert's testimony, established that Riseman's 1998 AMIP bonus was limited to 100% of his base salary, or $385,000.[5]  Because Riseman's WPCL claim consisted only of the 1998 Retention Bonus ($400,000), the 1997 Change of Control Bonus ($650,000) and the 1998 AMIP bonus (limited to $385,000), the maximum damage award the jury could have provided under the WPCL was $1,435,000.  Consequently, the jury's $2,562,001 award was $1,127,001 greater than what was supported by the record.

Accordingly, we will reduce the jury's $2.562 million WPCL award to $1,435,000.  Because we are persuaded by the record that the jury verdict included all three bonuses in awarding the original $2.562 million WPCL award, we reject Advanta's contention that the jury's error requires a remand for a new trial with regard to the three bonuses under the WPCL.  Moreover, as discussed in note 3, *supra*, because there is no overlap between the

_____

[5]  In fact, Riseman's own summary judgment opposition papers — which were not before the jury at trial — conceded that his AMIP bonus was limited to 100% of his base salary.

WPCL and the ADEA damage awards, we also reject Advanta's contention that this error requires a new trial on the retaliation claim.[6]

Because we will reduce the jury's WPCL award, we will also vacate the District Court's issuance of liquidated damages of $640,500.25 under the WPCL, and remand only that issue to the District Court for recalculation based upon the reduced WPCL award.

### III.

### A.

In his cross-appeal, Riseman argues that the District Court erroneously granted judgment as a matter of law in favor of all defendants on the fraud and negligent misrepresentation claims, contending that the jury was entitled to consider whether he was

---

[6] Similarly, we are not persuaded by Advanta's remaining arguments. First, we need not address Advanta's contention that the jury's total damage award improperly contained front pay, because front pay was simply not awarded by this jury. The jury's $1,377,125 ADEA award, by its own terms, consisted entirely of back pay. Moreover, the WPCL award consisted only of the three bonuses discussed above, none of which can be characterized as front pay. Second, we reject Advanta's suggestion that the jury's award may have contained amounts for severance pay. All sides agree that Riseman withdrew any claim he may have had for severance payments before the issues were given to the jury. In any event, as discussed above, the jury's ADEA and WPCL awards are sustainable without reference to severance payments. Finally, we are not persuaded by Advanta's argument that the District Court's award of liquidated damages under the ADEA and the WPCL constituted a double penalty. As already discussed, the jury's awards under both claims did not overlap with one another in any way, and, therefore, the District Court's assessment of liquidated damages based upon those awards do not constitute a double penalty. Indeed, under the facts of this particular case, the two damage awards at issue here (the ADEA award and the WPCL award) address different conduct by Advanta – one for illegal termination based upon unlawful retaliation against Riseman for protected activity, and one for simply failing to pay Riseman what he had earned at Advanta while he was employed there.

-11-

improperly induced into remaining at Advanta when it promised him the 1998 Retention Bonus and the 1997 Change of Control Bonus but failed to pay them.

Upon review of the record, however, we reject Riseman's contention. While Pennsylvania law recognizes claims for fraud where the defendants' misrepresentations cause the plaintiff to refrain from acting, Smith v. Renaut, 387 Pa. Super. 299, 305 (Pa. Super. 1989), Riseman failed to present any evidence at trial that he sought employment outside of Advanta during the relevant time period, or that alternative employment was available or desirable.[7] Moreover, there is no evidence suggesting that Riseman would have left Advanta but for the promises made to him in 1997 and 1998.

Accordingly, we will affirm the District Court's judgment in favor of the defendants on the fraud and negligent misrepresentation claims.

**B.**

Riseman also contends that the District Court's ruling granting the Individual Defendants judgment as a matter of law with regard to the detrimental reliance claims should be reversed. However, all of the evidence presented at trial showed that the bonuses

---

[7] Although *Riseman* never introduced evidence that he looked for other employment, *Advanta* sought to introduce testimony that Riseman may have looked for a job in California in June 1998 to undercut his detrimental reliance claims. In light of its Rule 50 ruling as to the fraud and misrepresentation claims, the District Court did not admit such evidence as it became irrelevant. In a footnote at the end of its opening brief, Advanta asserts – without explanation – that the District Court's decision to exclude this testimony was erroneous and that it provides a ground for a new trial on all issues. As we cannot agree that the exclusion of this evidence by the District Court was an abuse of discretion, we reject Advanta's argument in this regard.

offered to Riseman by Advanta's executives were offered in their capacities as corporate officers and not in their personal capacities. Riseman points to nothing in the record to demonstrate that the Individual Defendants did anything to assume Advanta's liability personally. See, e.g., B&L Asphalt Ind. Inc. v. Fusco, 753 A.2d 264, 270 (Pa. Super. 1997) ("[I]t is a basic tenet of agency law that an individual acting as an agent for a disclosed [principal] is not personally liable on a contract between the [principal] and a third party unless the agent specifically agrees to assume liability.") (internal quotations omitted).

Accordingly, we will affirm the District Court's ruling in favor of the Individual Defendants on the detrimental reliance claim.

**IV.**

For the foregoing reasons, we will affirm the jury's verdict and damages for retaliation under the ADEA in the amount of $1,377,125 in back pay. We will also affirm the District Court's award of liquidated damages under the ADEA doubling the jury's back pay award. Similarly, the District Court's award of prejudgment interest on Riseman's ADEA back pay award will be affirmed.

As to the jury's WPCL award, however, we will reduce the jury's award from $2,562,001 to $1,435,000, a reduction of $1,127,001. As a consequence and because the District Court's liquidated damages calculation was based on the higher jury verdict, we are obliged to vacate and remand to the District Court for a recalculation of the liquidated damages on the revised amount of $1,435,000. Upon completion of this task, a new

-13-

judgment shall be entered by the District Court in accordance with this opinion. The remand which we order is limited only to the recalculation of liquidated damages under the WPCL.

We will also affirm the District Court's judgment in favor of all defendants on the fraud and negligent misrepresentation claims, as well as its judgment in favor of the Individual Defendants on the detrimental reliance claim.

TO THE CLERK:

Please file the foregoing opinion.

By the Court,

/s/ Leonard I. Garth
Circuit Judge